JOHN D. SINCLAIR *vs.* SUPERINTENDENT OF PUBLIC BUILDINGS OF WALTHAM.

Middlesex.   January 14, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, & SANDERSON, JJ.

*Zoning. Waltham. Words, "A bay window."*

A zoning ordinance of Waltham provided: "Except as herein specified, all yards and courts shall be open, unobstructed to the sky. Cornices and eaves may project. . . . Sills, leaders, belt courses and ornamental features may project. . . . A bay window not exceeding ten feet in width may project into a front, side or rear yard not more than three feet and not more than one-third of the width of the side yard in any case and an open fire-escape may not thus project more than five feet." *Held,* that the ordinance prohibited more than one such bay window on the front and on each side of a building.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on October 23, 1930.

The petition was heard by *Carroll*, J., upon the pleadings and an agreed statement of facts. Material facts are stated in the opinion. He ruled that the writ should issue, · and reported the case for determination by the full court.

*J. J. Foster*, for the respondent.

*J. I. Rooney*, for the petitioner.

PIERCE, J. This is a petition for a writ of mandamus to compel the respondent, as he is the superintendent of public buildings and inspector of buildings in and for the city of Waltham in this Commonwealth, to prosecute all violations of the general ordinances of said city of Waltham for the year 1926, and all violations of the provisions of the building zone ordinance passed by the city council of said city and approved June 22, 1925. The case was heard by a single justice of this court on an agreed statement of facts, who ruled that the writ should issue as matter of law and reported the case to the full court.

The facts stated in the petition and admitted by agreement of the parties or in the answer are that on October 6, 1930, the respondent, in his said capacity, issued to one Margaret Donovan a permit to erect a two story, four apartment dwelling, second class, brick construction, on the lot described in paragraph 3 of the petition, with two bay windows on the north side, two bay windows on the south side, and two bay windows on the east side (front) of the building. It was agreed that the building being constructed on Adams Street, Waltham, in residence C zone has side yards of five feet and a front yard of ten feet; that all four side bay windows extend twenty inches into the side yards and are ten feet in width each and are twenty feet and three inches apart; that the two front bay windows extend three feet into the front yard and are nine feet and three inches in width; that the bay windows in front are about five feet apart, and that all bay windows extend the height of the building. It was further agreed that the question submitted was and is whether two bay windows on the sides and front projecting into the yards as above stated are a violation of § 10,

paragraph (a) of the zoning ordinance of the city of Waltham.

Section 10 (a) reads: "Projections Into Yards and Courts. Except as herein specified, all yards and courts shall be open, unobstructed to the sky. Cornices and eaves may project . . . . Sills, leaders, belt courses and ornamental features may project . . . . A bay window not exceeding ten feet in width may project into a front, side or rear yard not more than three feet and not more than one-third of the width of the side yard in any case and an open fire-escape may not thus project more than five feet." In § 5, "Residence 'C' Districts," is the following: " . . . (c) Front Yards. Except as hereinafter specified, no building or structure shall extend within 10 feet of any street line, except that a one, two or three story porch un-enclosed at least half of the year may project four feet into the front yard . . . . (d) Side Yards. There shall be a side yard along each side lot line at least 5 ft. in width." It is the contention of the respondent that § 10 (a), *supra*, does not prohibit the erection of more than one bay window projecting three feet into the front, side or rear yard, because the words "A bay window" as used in said section designate a kind or class of window and not the number of windows that may be erected; and that this interpretation is required when consideration is given to the fact that said section permits various projections and does not limit any yards or courts to a single projection unless the use of the words "A bay window" necessarily connotes "A bay window" in the singular. On the other hand the petitioner contends that the provisions of the ordinance in reference to yards and courts in residential districts should be so construed as to give force and vitality to the clear intention of the city council that the yards and courts in such districts shall be kept open to insure the morals, the health and the safety of persons there dwelling, so far as such imposed restrictions are reasonable.

We think the words "A bay window" were used ad-

visedly to permit the use within the described areas of a single window of the class described, and that this interpretation is emphasized if not required by the provision which describes the permitted bay window as one not exceeding ten feet in width.  It is manifest that the whole purpose of the ordinance in this respect would be defeated if a builder were permitted to erect several bay windows with a slight distance between them, covering the sides or front of the dwelling and thus reduce the side or front yard to less than five or ten feet respectively for the entire length or width of the building. *Wood* v. *Building Commissioner of Boston*, 256 Mass. 238, 241.  It follows that the entry must be "writ to issue."

*So ordered.*